1    Lenny Ryllart, In Pro Per

2    P.O.Box 812031

3    Los Angeles, Ca. 90081-0018

4    lennyryllart@yahoo.com

FILED
2012 SEP 18 PM 3:11
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____
Fee Paid

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

CV12-08055 - SJO(FMOx)

| | |
|---|---|
| LENNY RYLLART,, <br> Plaintiff, <br> Vs. <br> MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS. | Case No. <br> COMPLAINT FOR DAMAGES: <br> 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ; <br> 2. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 ET. SEQ. <br> 3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

PAID
SEP 18 2012
Clerk, US District Court
COURT 4612

COME NOW, the PLAINTIFF, Lenny Ryllart, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.**, and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), and the Fair Debt collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), , An actual controversy exists between the parties, in that the challenged actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, because many of the relevant events occurred within Los Angeles County in the State of California, which is located within this District.

3. Plaintiff's Federal and State Law claims against the Defendants derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendants.

4. This is an action brought by a consumer for violations of the above named Acts in connection with a purported debt appearing on Plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## PARTIES

5. The Plaintiff is a natural person residing within Los Angeles County in California.

6. The Defendant.'s **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA**

**CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS,** are business's that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

7. The Defendants **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.** using instruments of interstate commerce to facilitate the collection of debts owed or asserted to be due another on behalf of both **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.** and their purported clients.

8. Plaintiff's ability to obtain credit, or credit at competitive interest rates became severely limited when the Defendants, and each of them falsely, fraudulently, maliciously, libeled the plaintiff by posting with major credit reporting agencies information Defendants knew or should have known was both incorrect and damaging to the Plaintiff.

9. Plaintiff wrote to the Defendant's demanding that such missinformation cease and desist. Further Plaintiff demanded of the Defendants that said misinformation be retracted and corrected. As of the date of this complaint, no such action has been taken by the Defendant's and each of them.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

10. The allegations of paragraphs 1 through 9 of this Complaint are re alleged and incorporated by reference.

11. The defendants , **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.**, are debt collectors, as defined by 15 U.S.C. § 1692a(6).

12. The defendants **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS,** violated the FDCPA by:

13. Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt

14. Violations of § 1692e ( communicating information which is known to be false.

15. The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

## SECOND CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT

16. The allegations of paragraphs 1 through 15 of this Complaint are re alleged and incorporated by reference.

17. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS,** regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

18. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.** did not notify the plaintiff at any time that the dispute was

considered frivolous or irrelevant, or that plaintiff had failed to provide sufficient information to investigate the disputed information.

19. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS**, failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i (a)(2), and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

20. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS**, failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Plaintiff's notice of dispute was received at the offices of the Defendants: **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE**

CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS, and failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

21. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS,** failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

22. **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.** , in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on four different occasions, even though they were in possession of information which showed that the trade-lines were inaccurate, and even though the trade-lines did not contain the notice of dispute, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was

done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS.**

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23. The allegations of paragraphs 1 through 22 of this Complaint are re alleged and incorporated by reference.

24. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

25. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests relief as follows:

(A) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act, the Fair and the Debt collection Practices Act,

(B) For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency.

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a tenant or as a consumer in connection with any and all transactions carried out or related to the aforementioned debt.

For an order awarding statutory damages in the following amounts:

1. Against **MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, DEFENDANTS,** for violations of the Fair Debt Collection Practices Act, in the amount of $1,000; for violations of the Fair Credit Reporting Act, in the amount of $10,000; for emotional distress as a result of Defendant extreme and outrageous behavior toward the Plaintiff.

2. For intentional, reckless, and or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3. Punitive damages; 'and

4. Such other and further relief as may be just and proper

PLAINTIFF DEMANDS JURY TRIAL

DATED: September 13, 2012          Lenny Ryllart

by: /s/Lenny Ryllart

Lenny Ryllart

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

### CV12- 8055 SJO (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Name & Address:
Lenny H. Ryllart, In Pro Per
P.O. Box 812031
Los Angeles, Ca. 90081-0018
lennyryllart@yahoo.com

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lenny H. Ryllart, In Pro Per <br><br> PLAINTIFF(S) <br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV12-08055-SJO(FMOx)** <br><br><br> SUMMONS |
|---|---|

TO: DEFENDANT(S): MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION, AND DOES 1 THROUGH 100 INCLUSIVE,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Lenny H. Ryllart, In Pro Per__, whose address is __228 234th Place Carson, Ca. 90745__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __SEP 1 8 2012__     By: __ANDRES PEDRO__
                                Deputy Clerk

(Seal of the Court)

1202

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

**FOR OFFICE USE ONLY**

CV-01A (10/11)                                SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Lenny H. Ryllart, In Pro Per

**DEFENDANTS**
MIDLAND CREDIT MANAGEMENT, INC. A KANSAS CORPORATION, AD ASTRA RECOVERY SERVICES, INC. A NEVADA CORPORATION, CREDIT ONE FINANCIAL, A NEVADA CORPORATION D.B.A. CREDIT ONE BANK, N.A. A NEVADA CORPORATION, APPLIED BANK, INC., A DELAWARE CORPORATION And Does 1 Through 10 inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lenny H. Ryllart, In Pro Per
P.O. Box 812031
Los Angeles, Ca. 90081-0018
(818)919-9792

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $$25,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C § 1692 ET Seq. (15 U.S.C § 1681 ET SEQ. (False Reporting of Negative Information)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV12-08055-SJO (FMOx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each State and County listed respectively of the Defendants named in this action: Delaware, Maryland, Delaware, California (Los Angeles). Delaware. | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date September 13, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |